UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 21-20295
                                                    Honorable Victoria A. Roberts

MUHAMMAD AWAISI,

    Defendant.
_____/

**ORDER GRANTING GOVERNMENT'S MOTION *IN LIMINE*
TO ADMIT DEFENDANT'S STATEMENTS [ECF No. 72]**

**I.  INTRODUCTION**

Before the Court is the government's motion *in limine* to admit Defendant Muhammad Awaisi's statements. [ECF No. 72]. Awaisi responded to the motion, but he does not oppose it.

The Court **GRANTS** the government's motion.

**II.  BACKGROUND**

The government charges Awaisi with Conspiracy to Procure Naturalization Contrary to Law, in violation of 18 U.S.C. § 371.

On January 20, 2021, Awaisi signed a proffer statement and engaged in a proffer session with the government. By signing the proffer agreement, Awaisi: (1) waived his rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410; (2) agreed that the proffer agreement governs the use of his proffer

statements. The proffer agreement required Awaisi to give complete and truthful information about his case and take a polygraph at the government's request. The agreement provided that if Awaisi breached any of its terms, there are "no restrictions" on the government's use of his proffer statements or any information he provided to the government.

On April 20, 2021, Awaisi signed a plea agreement stating he would waive his right to an indictment and plead guilty to the sole count in the Information.

In the plea agreement, Awaisi agreed that if he withdrew his guilty plea for any reason, "he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statements that [he] made at his guilty plea hearing, and the factual basis set forth in th[e] [plea agreement] against [him] in any proceeding."

Awaisi pled guilty on June 23, 2021.

On April 6, 2022, Awaisi moved to withdraw his guilty plea, and on July 22, 2022 he withdrew his guilty plea.

### III. DISCUSSION

Under the terms of the proffer agreement and plea agreement – and consistent with Sixth Circuit precedent – the government moves the Court for an order allowing it to use Awaisi's proffer statements, guilty plea, plea

2

statements, and factual basis from his signed plea agreement because: (1) Awaisi substantially and materially breached the proffer agreement by failing to provide complete and truthful information and by refusing to take a polygraph when requested; and (2) Awaisi withdrew his guilty plea.

The government sets forth applicable precedent supporting its request to admit Awaisi's statements.

In response to the government's motion, Awaisi admits that applicable authority allows the government to use his statements in its case-in-chief, and he does not oppose the government's request:

> Substantial conversation has occurred between the Defendant and undersigned counsel. **The Defendant has no misunderstanding that in this case, current legal authority grants the Government the ability to admit statements against his penal interest in the manner articulated in its Motion in Limine.** The Defendant understands such admissibility is likely allowed pursuant to authority to be presented during the Government's case-in-chief proceedings. However, the Defendant reserves the right, and expects to exercise the right, to offer to the jury the reason such statements were made, and should be afforded the opportunity to testify on his own behalf as the nature and circumstances that gave rise to statements, admissions, or any acknowledgments the government now seeks to use against him to secure his conviction.
>
> Therefore, understanding the existing and relevant 6th Circuit authority that controls and governs this Court's decision, counsel would leave the matter to the discretion of this Honorable Court, while also seeking affirmation the Defendant is afforded the right to testify on his behalf to offer whatever defenses he is constitutionally afforded.

[ECF No. 77, PageID.660-61 (emphasis added)].

Because Awaisi does not oppose the government's motion, the Court need not provide lengthy analysis explaining why it grants the government's request.

Rather, the Court adopts by reference the facts, discussion, and authority set forth in the government's motion – which demonstrate that due to Awaisi's breach of the proffer agreement and withdrawal of his guilty plea, his proffer statements, guilty plea, plea statements, and factual basis from his signed plea agreement are admissible at trial.

### IV. CONCLUSION

The Court **GRANTS** the government's motion *in limine* to admit Awaisi's statements.  [ECF No. 72].

The government may admit/use Awaisi's proffer statements, guilty plea, plea statements, and factual basis from his signed plea agreement.

As requested by Awaisi, the Court affirms that he is "afforded the right to testify on his behalf to offer whatever defenses he is constitutionally afforded."  [ECF No. 77, PageID.661].

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  January 9, 2023