UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                              Criminal Case No. 21-20295

MUHAMMAD S. AWAISI,            Sean F. Cox
                                                  United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER
DENYING MOTION FOR COMPASSIONATE RELEASE**

In this case, Defendant Muhammad S. Awaisi ("Defendant") was convicted of of various criminal offenses and he is currently serving his sentence. The matter is now before the Court on Defendant's *pro se* motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. For the reasons set forth below, the Court DENIES the motion.

**BACKGROUND**

The First Superseding Indictment in this criminal action charged Defendant with: 1) one count of Conspiracy to Commit an Offense Against the United States (to Procure Naturalization Contrary to Law) and to Defraud the United States, in violation of 18 U.S.C. § 371 (Count One); 2) two counts of Procuring Naturalization Contrary to Law (attempt), in violation of 18 U.S.C. § 1425(a), and Aiding and Abetting, Causing, in violation of 18 U.S.C. § 2 (Counts Two and Four); and 3) two counts of False Document (attempt) in violation of 18 U.S.C. § 1001(a)(3),

1

and Aiding and Abetting, and Causing, in violation of 18 U.S.C. § 2 (Counts Three and Five).

The action was originally assigned to the Honorable Victoria A. Roberts. Defendant proceeded to a jury trial and on July 26, 2023, the jury returned a verdict of guilty as to all counts.

On July 27, 2024, the case was reassigned to the under-signed judge. (ECF No. 93). In his Sentencing Memorandum, Defendant stressed that he is sixty-five years old and suffers from hypertension. (ECF No. 108). Defendant noted that his guidelines provided for a sentence between 33 and 47 months, but asked that the Court impose a below-guidelines sentence of a year and one day.

The Government asked the Court to impose a guidelines sentence. In doing so, it stressed that Defendant is a medical doctor and that the offenses in this case were not an isolated incident:

> After reviewing the evidence, the jury convicted Dr. Awaisi on all five indictment counts: the conspiracy, and two counts each of attempting to procure naturalization contrary to law and causing false documents to be made.
> This was not a momentary lapse in judgment. Dr. Awaisi—on hundreds of occasions—conducted sham medical exams and authored fraudulent medical reports to support immigration paperwork (N-648 forms) designed to evade citizenship requirements. To further the sprawling scheme, he falsely diagnosed naturalization applicants with disabling medical disorders. He even authored medically unnecessary prescriptions, sometimes with "toxic" medications, to cover his tracks.
> This was not the first time that Dr. Awaisi abused his respected position as a medical doctor. He had his medical license revoked in Massachusetts for violating patient confidentiality for his own profit. Then his medical license was suspended in Michigan because of malpractice. And he continued his bad acts here.
> Dr. Awaisi's serial abuse of his status as doctor justifies a guideline sentence.

(ECF No. 107 at PageID.1520-21).

On June 21, 2024, this Court sentenced Defendant and gave him a below-the-guidelines sentence of 24 months of imprisonment, per count, to run concurrently. This Court also imposed a three-year term of supervised release. (ECF No. 112, Judgment).

Less than four months after this Court imposed sentence, on October 18, 2024, Defendant filed a *pro se* Motion for Compassionate Release. (ECF No. 113). In it, Defendant notes that, at the time of sentencing, he had hypertension and a family history of heart attacks and strokes. Defendant asserts that he suffered a heart attack while serving his sentence and provided medical records that so indicate. Defendant asserts that the level of care he is now receiving after his heart attack is adequate and asks the Court to grant his motion for compassionate release and release him to home confinement.

The Government opposes Defendant's motion on the merits, because his medical conditions were known at sentencing, Defendant is receiving adequate treatment in prison, and he has only served a fraction (about 20%) of his already below-guidelines sentence.

## ANALYSIS

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020). As summarized by the Sixth Circuit:

> Federal law authorizes a district court to reduce a defendant's sentence if the court finds that (1) "extraordinary and compelling reasons" warrant a reduction, (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) factors, to the extent applicable, support a reduction. *Ruffin*, 978 F.3d at 1003 (quoting § 3582(c)(1)(A)). Currently, no policy statement applies where a defendant (as opposed to the Bureau of Prisons) files a motion seeking a sentence reduction (sometimes known in our case law as "compassionate release"). *United States v.*

3

> *Sherwood*, 986 F.3d 951, 953 (6th Cir. 2021). A district court, therefore, must deny a defendant's motion if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction. *Id*. at 954; *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

*United States v. McKinnie,* 25 F.4th 583, 586 (6th Cir. 2022).

Here, Defendant argues that his request for compassionate release should be granted because his family history and his medical conditions constitute extraordinary and compelling circumstances.

This Court concludes that Defendant has not established "extraordinary and compelling" reasons for a sentence reduction. This Court was well aware of Defendant's family history and his own hypertension at the time of sentencing. As the Government notes, factors that existed at the time of sentencing do not constitute extraordinary and compelling reasons that warrant compassionate release. *See, eg, United Stated v. Hunter*, 12 F.4th 555, 570 (6th Cir. 2021); *United States v. Lemons*, 15 F.4th 747, 750 (6th Cir. 2021).

Defendant has failed to present this Court with any medical records, or other documentation, to support his assertion that he is not receiving adequate care while incarcerated.

Moreover, this Court concludes that a consideration of the § 3553(a) factors weighs against granting compassionate release in this particular case in any event. *United States v. Ruffin,* 978 F.3d 1000, 1008 (6th Cir. Oct. 26, 2020) ("Even when extraordinary and compelling reasons exist, the statute leaves district courts with discretion to deny relief under a balancing of the sentencing factors in 18 U.S.C. § 3553(a).").

Defendant is a medical doctor who abused his position of trust for financial gain. This Court already gave Defendant a substantial break when it imposed a below-guidelines sentence.

To release Defendant only months after he began serving his already-reduced sentence, would not promote respect for the law, provide just punishment, or afford adequate deterrence.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant's Motion for Compassionate Release is DENIED.

IT IS SO ORDERED.

Dated:  March 11, 2025　　　　　　　　s/Sean F. Cox
　　　　　　　　　　　　　　　　　　　Sean F. Cox
　　　　　　　　　　　　　　　　　　　U. S. District Judge

I hereby certify that on March 11, 2025, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

　　　　　　　　　　　　　　　　　　　s/Emily Vradenburg
　　　　　　　　　　　　　　　　　　　Case Manager